## NASHVILLE, CHATTANOOGA & ST. LOUIS RAILROAD COMPANY *v.* J. C. JOHNSON.

1. PRACTICE AT LAW. *Continuance.* Where at the eighth trial term the affidavit for continuance by plaintiff in error stated that until recently the absent witness had been in a certain place in the State, and it had taken out subpœnas for him and had sent them to the counties in which it supposed he might be found, and had just learned he was in the State of Texas, and it was not shown that any effort had been made at any previous time to procure the attendance or deposition of the witness, and it appeared the company knew all the time the materiality of the facts it alleged it could prove by him, he being the engineer on the train to which the accident occurred, it was not error to refuse the continuance.

Railroad Company v. Johnson.

2. SAME. *Evidence.* In a suit against a railway company for damages to a passenger, for negligence, and unsafe condition of the cars, road-bed, rails, cross-ties, etc., it was not error to allow proof by the defendant in error as to the condition of the track for a short distance on either side of the place of the accident; and it is competent to show that the section boss permitted part of his road to be in bad condition, in determining his negligence and want of skill.

## FROM HUMPHREYS.

Appeal in error from the Circuit Court of Humphreys county. Jo. C. STARK, J.

EAST. & FOGG and H. M. McADOO for Railroad.

BATE & WILLIAMS and T. L. LANIER for Johnson.

TURNEY, J., delivered the opinion of the court.

This action was brought in the circuit court of Humphreys county, at July term, 1877, to recover damages alleged to have been sustained by the plaintiff, a passenger on the cars and road of the defendant, through the negligence, carelessness, and want of skill in the management of the road, and the *unsafe* condition of cars, road-bed, cross-ties, rails, engines, etc.

After several continuances by consent, and one by the company, the case was tried at July term, 1880, and resulted in verdict and judgment for five thousand dollars.

The first assignment of error is the refusal of the court to continue the case on application of the company, supported by the affidavit of H. T. Cummins as to the materiality of facts that could be proved by Henry Burke. The affidavit states that till recently

Burke has been in Nashville. Defendant has taken out subpœnas for him, and had them sent to the counties in which it supposed he might be found, and has just learned that he was in the State of Texas, etc.

It is not pretended that any effort had been made at any previous time to procure the attendance or the deposition of the witness. The application was made at the eighth trial term. Burke was "until recently" in Nashville, within jurisdiction of the court. The company knew all the time of the materiality of the facts it alleges it can prove by him. He was an engineer on the road, and alleged to have been the engineer on the train to which the accident occurred. At the November term, 1879, the cause was continued by the company for witnesses whose affidavits appear in the record, and whose testimony, as appears from their affidavits, was substantially, in every material point, the same as would have been that of Burke.

As the bill of exceptions is an agreement of the tendency of the proof submitted by each side, and embodies in effect the character of proof the company claims it could make by Burke, we conclude the witnesses mentioned in former affidavits were examined on the trial.

The negligence in failing in the three years to summons the witness, or take steps to procure his testimony, and the apparent fact that such testimony would have been cumulatives, preclude the company from making complaint of its want. It was no error to refuse the continuance.

It is next urged that the court erred in allowing proof of the bad condition of the road in the vicinity of the point where the accident occurred. The bill of exceptions recites: " Witnesses were allowed to state, over defendant's objections, the conditions of the rails and cross-ties, stating they were bad in that part of the road near to where the rail *broke* and the accident occurred, and which did not give way or break, and this for a hundred yards or more on either side of the accident."

" The engineer, Col. Morris, was on cross-examination allowed to say, over defendant's objection, that the whole road was not in first-class condition, as compared with the best roads in this country and England and Europe."

The section boss was permitted on cross-examination, after testifying that " the part of the road where the accident occurred was in good condition," to say, over the objection of defendant, "that some parts of his section were in bad condition—not in first-class condition—and needed repairs, but not that part where the accident occurred."

The declaration contains the general averment that the road was out of repair. The proof is confined to the section on which the accident happened, and involves the further averment of negligence and want of skill of the employes of the road. The proof tended to the establishment of both facts, and furnished such facts and circumstances as the jury might look to in its effort to arrive at truth. The fact that the *overseer* or boss was guilty of neglect of duty, and

of permitting his part of the road to be in bad condition in some parts of it, was a legitimate item of evidence to which the jury could properly look in determining the question at issue of his negligence or want of skill, for such is the charge, and all proof tending to establish it was competent. For stronger reasons, the proof that the rails and cross-ties were bad for a hundred yards or more on either side of the accident, was competent. Such proof is *bringing* out, almost directly, that at the point of accident the road was unsafe and unfit for travel.

This answers the objection that the engineer was permitted to prove the whole road was not in first-class condition; the statement embraces the point of accident. The well-settled rule in this State is, that railroad companies are required to keep their machinery, roads, road-beds, etc., in repair and condition up to the best state of the art in such things.

The section master was permitted, over objection, to state that he "might have said, but did not remember, to some persons after the accident, and after he had been discharged, that that part of the road where the accident occurred was in bad condition, that the company would not furnish him *iron* and cross-ties; and to McKelvy, several times he might have said, but did not remember, that his section was in bad condition, and that the company would not furnish him iron and ties to keep it in good condition."

These statements of the witness are not attempted to be contradicted, and of themselves prove nothing,

and could have no influence on the jury in any sense, and there is no reversible error in their admission. Even if the persons in whose presence and the times and places when and where the statements were made, if at all, had been mentioned, the plaintiff could not have introduced the proof of them with a view to impeach the credibility of the witness, and could only have done so to show uncertainty of memory. With the latter object the questions were legitimate, though the answers could be worth very little, if any thing. Even if there were error in the rulings of the court, it was such as worked no *hurt* to the railroad company, as the bill of exceptions says: "It is conceded that the testimony was sufficient to sustain in the Supreme Court the finding of the jury that the accident was the result of negligence on the part of defendant in not having a sufficient road *at the place of the accident.*" So that, whatever may have been the testimony as to the condition of the road elsewhere, and however incompetent the proof as to it may have been, the defect at the point of accident was its cause, and for that the jury gave the damages, which are not claimed to be excessive, and of course were not aggravated by the objectionable matter. The charge of the court is in substance the language constantly employed by circuit judges, and repeatedly approved by this court.

But even if we should hereafter conclude to go a step farther, and require a definition of the "relative" and "comparative" terms, "highest," "greatest," and "utmost care and skill," such step is not

called for here, the concession showing that there was sufficient proof of negligence to sustain the finding of the jury.     Report confirmed.

Judgment affirmed.